Charles A. Loreto, J.
Plaintiff moves to examine defendant before trial as to bis financial circumstances and to examine corporations as witnesses in which defendant is a 50% stockholder with respect to the net worth of the corporations and the financial benefits derived from said corporations by defendant.
Plaintiff sues for a divorce. Defendant raises no issue as to the charges of adultery but contests the amount of permanent alimony and counsel fee. In support of her action for a temporary award plaintiff disclosed facts showing that the parties prior to their separation lived on a rather substantial scale. While defendant claims that plaintiff’s computations are grossly exaggerated, he furnishes no data to refute plaintiff’s claims. He contends that his net income amounts to $300 weekly representing his drawings- from one of the corporations and that he *2 maintained the household by borrowings from the corporation. On the basis of these facts plaintiff was awarded temporary alimony of $400 weekly and in addition, counsel fee of $3,000. Defendant has appealed from that order and noticed the case for trial.
Defendant disputes the standard of living claimed by plaintiff and denies his financial ability to maintain plaintiff in accordance with that standard. Under these circumstances plaintiff may well be entitled to examine defendant before trial. As was said in Hunter v. Hunter (10 A D 2d 291, 294, 296) “ Nevertheless, despite the cautious view with regard to granting examinations before trial in matrimonial actions, the courts have not hesitated to allow an examination if it will primarily serve a legitimate purpose. One such purpose would be to provide a wife with the necessary information to establish the preseparation standard of living, the adequacy of such standard, or the present ability of the husband to maintain the appropriate standard, provided there is a showing that because of her ignorance of the facts or for other reasons it is desirable that she elicit such information before trial. Examinations with respect to these matters are permitted only because, substantively, they are relevant to the amount of the ultimate award to which the wife may be entitled” (p. 294). “On a proper submission, therefore, the issue or issues may be drawn and joined as to either the standard of living, the husband’s present or future capacity to maintain such standard of living, or whether the wife is entitled to a level of support higher than the preseparation standard of living. But such a proper case must be established by evidentiary proof, in sufficient detail, on the application. These would provide the special circumstances required in most matrimonial actions. If present the wife may be entitled to an examination as to one or more of the foregoing issues with respect to the husband’s income or assets, or both ” (p. 296).
On the affidavits submitted by plaintiff on this application, as well as the affidavits submitted on the motion for temporary alimony, there is a dispute as to whether the preseparation standard of living was within her husband’s earnings and financial means at that time and whether he has the present earning capacity to maintain such a standard. The source of his income appears to be through various business corporate enterprises, under his control, of which she asserts she has no knowledge. Therefore, special circumstances exist, which permit the granting of this motion.